IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GEICO GENERAL INSURANCE
COMPANY,

        *Plaintiff,*

vs.

KARA HANSEN,

        *Defendant.*

Case No. 18-CV-1101-EFM-TJJ

**MEMORANDUM AND ORDER**

Plaintiff GEICO General Insurance Company (GEICO) brought a declaratory judgment action against Defendant Kara Hansen in this Court seeking a judicial determination that under the terms of GEICO's insurance policy with Corbin Hamilton, GEICO did not breach its obligations and is not liable for more than $25,000 (policy limits). There is also a pending state court action in which GEICO and Hansen are both parties. In the state court suit, Hansen (as assignee of Corbin Hamilton) asserts bad faith and negligence claims against GEICO, Rhonda Mason, and the law offices of Rhonda Mason. In this Court, Hansen has now filed a Motion to Dismiss (Doc. 4) asserting that the Court should abstain from exercising its jurisdiction and dismiss or, in the alternative, stay the case pending the outcome of the state case. Because the Court finds that the applicable factors weigh in favor of declining jurisdiction and in favor of dismissing GEICO's case, the Court grants Hansen's motion.

# I. Factual and Procedural Background[1]

GEICO seeks a declaratory judgment that it did not breach its obligations under an insurance contract and is not liable for more than $25,000. On April 9, 2014, Corbin Hamilton was driving an automobile that struck the rear of another vehicle driven by sixteen-year old Kara Hansen. The impact pushed Hansen's car into oncoming traffic where it was struck by another vehicle. Hansen received significant and permanent injuries, including a spinal cord injury resulting in paralysis.

Hamilton had just purchased the vehicle, approximately a half-hour earlier, and the car was insured under a policy of automobile liability insurance issued to Hamilton by GEICO. The policy had bodily injury limits of $25,000 per person and $50,000 for each occurrence. It had a property damage limit of $25,000.

GEICO conducted an investigation of the accident and offered its bodily injury policy limits of $25,000 to Hansen to settle her claim on May 30, 2014. On June 19, 2014, Hansen, through counsel, offered to accept the $25,000 policy limits in settlement of her bodily injury claims if GEICO agreed to pay $15,000 to settle her property damage claim. In this settlement offer to GEICO, Hansen's attorney stated that GEICO should communicate the offer to its insured (Hamilton) and the right to private counsel to advise him. Hansen's counsel stated that suit would be filed if the offer was not accepted. GEICO rejected Hansen's demand and instead offered to settle the property damage claim for $13,269.23.

GEICO retained attorney Rhonda Mason to provide Hamilton advice and counsel regarding the personal injury and property damage claims. Mason allegedly failed to communicate and

---

[1] The facts are taken from the Complaint in this case and the Petition filed in state court.

advise Hamilton that GEICO was rejecting Hansen's settlement demand over a difference of $1,730.77. Had Mason communicated with Hamilton, Hamilton would have allegedly demanded that GEICO accept the demand and settle. Had GEICO refused, Hamilton would have paid the $1,730.77 with his own personal funds.

On June 26, 2014, Hansen, through her next friend and father, Lester Hansen, filed a lawsuit in the District Court of Cherokee County, Kansas, alleging negligence against Hamilton. The lawsuit proceeded to jury trial. On February 2, 2018, the jury returned a verdict finding Hamilton 100% at fault and awarded damages to Hansen in the amount of $38,500,000. The jury also awarded property damages in the amount of $17,000. After the verdict, a newspaper reported that the attorney representing Hansen said that there was a possibility that Hansen may be able to assert a bad faith claim against GEICO if Hamilton assigned his rights.

On February 16, 2018, judgment was entered against Hamilton in the amount of $20,750,000 plus interest and costs.[2] Following the entry of judgment, Hamilton and Hansen entered into a settlement agreement in which Hamilton assigned his rights to Hansen for a breach of contract claim against GEICO, including any purported bad faith claims. In return, Hansen agreed not to execute the judgment on Hamilton's personal assets.

On March 28, 2018, GEICO filed its declaratory action in this Court against Hansen. As noted above, it seeks this Court's determination that it did not breach its contract with Hamilton and that its indemnification obligation is limited to the $25,000 bodily injury limit. In its Complaint, it alleged that based on the assignment of Hamilton's rights to Hansen, Hansen

---

[2] The judgment was reduced based on Kansas's cap on non-economic damages. There is a pending motion challenging the constitutionality of the cap as applied to her case.

intended to assert a claim against GEICO for breach of contract and hold GEICO liable for the entire $20,750,000 judgment.

Indeed, on May 4, 2018, Hansen filed suit in the District Court of Cherokee County, Kansas, against GEICO, Mason, and the Law Office of Rhonda Mason. Hansen alleges that GEICO acted negligently and in bad faith in failing to consider and communicate the settlement demand and in failing to conduct a good faith investigation into the claim. She also alleges that Mason and her law firm breached their duties and were negligent in failing to communicate and advise Hamilton of the settlement offer. Hansen seeks to hold GEICO liable for the $20,750,000 judgment against Hamilton.

Hansen has now filed a motion in this Court seeking dismissal, or in the alternative a stay, based on the declaratory judgment abstention doctrine.

## II. Legal Standard

The Court can exercise its discretion in deciding a pre-answer motion based on an abstention doctrine.[3] In this case, Hansen relies upon *Brillhart* abstention. The *Brillhart* doctrine is often invoked "[w]hen the issue of contemporaneous state and federal parallel proceedings is raised in a federal declaratory judgment action."[4]

The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, *may*

---

[3] *See Foxfield Villa Assocs., LLC v. Regnier*, 918 F. Supp. 2d 1192, 1196 (D. Kan. 2013) (noting that technically a motion to dismiss or stay under an abstention doctrine does not fall under any enumerated provision of Fed. R. Civ. P. 12(b), but the court can exercise its discretion).

[4] *Springer v. Thomas*, 2015 WL 2449579, at *6 (D. Kan. 2015) (citing *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286-87 (1995)).

declare the rights and other legal relations of any interested party seeking such declaration . . . ."[5] As is evident from the above language, this act, unlike other statutory authorizations, "confer[s] on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants."[6] "[T]he normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration."[7] Consequently, in a case where declaratory judgment is sought, if the court determines that the claim "can better be settled in the proceeding pending in the state court," it should either dismiss or stay the proceeding.[8]

To aid the Court in determining whether it should exercise its discretion in deciding the case or whether a claim would be better settled in state court, the Tenth Circuit has set forth a five-factor test.[9] These include:

> [1] whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory remedy is being used merely for the purpose of "procedural fending" or "to provide an arena for a race to *res judicata*"; [4] whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and [5] whether there is an alternative remedy which is better or more effective.[10]

---

[5] 28 U.S.C. § 2201(a) (emphasis added).

[6] *Wilton*, 515 U.S. at 286.

[7] *Id.* at 288.

[8] *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942); *United States v. City of Las Cruces*, 289 F.3d 1170, 1192 (10th Cir. 2002).

[9] *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994).

[10] *Id.* (citing *Allstate Ins. Co. v. Green*, 825 F.2d 1061, 1063 (6th Cir. 1987)).

### III. Analysis

In this case, the factors weigh in favor of declining jurisdiction and dismissal of the case. As to the first factor, a decision here would not settle the entire controversy. The issue of whether GEICO breached its contract (and acted in bad faith) and is therefore liable for the entire judgment against Hamilton or only policy limits is present in both the federal and state case. The declaratory action would decide this issue, but so will the state court action. However, there are additional parties and an additional claim in the state court case. These additional issues would need to be ruled upon in the state court proceeding. Thus, a decision here would not completely settle the controversy. In contrast, a ruling by the state court would settle the entire controversy. Accordingly, the first factor weighs in favor of declining jurisdiction.

With regard to the second factor, although a declaratory judgment would clarify the legal issue, it would not add anything useful to the state court case. The state court has the same issue presented to it. It can just as capably and efficiently decide the matter, and there is no useful purpose in having this Court decide an identical issue presented to state court. Thus, factor two weighs in favor of declining jurisdiction.

As to the third factor, "[a] district court may choose to avoid a declaratory judgment action because the plaintiff is using the action for procedural fencing."[11] GEICO filed first in federal court. However, GEICO knew when it filed that Hansen would likely be filing suit soon. It is not clear whether GEICO engaged in a race to the forum or simply wanted its preferred forum. As to Hansen, she filed shortly thereafter in state court. In her suit, she included two additional

---

[11] *St. Paul Fire & Marine Ins. Co. v. Runyon*, 53 F.3d 1167, 1170 (10th Cir. 1995).

defendants (Mason and Mason's law firm). GEICO contends that she included those defendants to destroy diversity jurisdiction and remain in state court. The Court finds that there is not much merit to that argument. The inclusion of these defendants seems proper and including additional claims and parties in a lawsuit with the same nucleus of facts seems logical. Regardless, it appears that both parties would like their preferred forum, and the Court finds that this factor does not weigh in either side's favor.

The fourth factor also weighs in favor of declining jurisdiction. The state court is familiar with the previous litigation and the underlying facts of that dispute. The only claims brought in both the declaratory action and the current state court action are state law claims. Although both this Court and the state court could decide a state law breach of contract claim, it is unnecessarily duplicative. "Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties."[12]

Finally, as to the fifth factor, the state court provides an adequate and appropriate forum to hear the dispute. In addition, proceeding in state court with the entirety of the dispute is a more effective and better remedy. A federal court "should not entertain a declaratory judgment action over which it has jurisdiction if the same fact-dependent issues are likely to be decided in another pending proceeding."[13] Thus, this factor also weighs in favor of declining jurisdiction.

In sum, the factors weigh in favor of declining jurisdiction. When a district court decides that it should not exercise jurisdiction over the case, it must also determine whether dismissal or a

---

[12] *Brillhart*, 316 U.S. at 495.

[13] *Runyon*, 53 F.3d at 1170 (quotation marks and citation omitted).

stay is appropriate.[14] A stay may be appropriate if there is the possibility of the state court case not resolving all of the federal claims, there is a significant possibility of delay or other procedural inadequacies in the state court proceedings, or there is a possibility of a time bar in federal court.[15] None of those factors appear present in this case as there are no federal claims and nothing in the record that demonstrates that there are any state court irregularities. Thus, the Court concludes that dismissal of GEICO's declaratory judgment action is appropriate here.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss (Doc. 4) is **GRANTED**.

**IT IS SO ORDERED**.

**This case is closed.**

Dated this 19th day of November, 2018.

*[signature]*

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[14] *City of Las Cruces*, 289 F.3d at 1192.

[15] *Id.*